**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000498**
**26-JUN-2018**
**08:09 AM**

NO. CAAP-16-0000498

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
DAVID PAUL OBRIEN, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1304)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

On August 19, 2015, Defendant-Appellant David Paul Obrien (Obrien) was charged with Unauthorized Possession of Confidential Personal Information (UPCPI) in violation of Hawaii Revised Statutes (HRS) § 708-839.55 (2014).[1]

On February 22, 2016, Obrien filed a "Motion to Dismiss [the UPCPI charge] for Unconstitutionally Broad, Vague and Punitive Statute, and for Violation of Due Process" (Motion to Dismiss). On June 2, 2016, the Circuit Court of the First Circuit (Circuit Court)[2] issued its "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [the UPCPI charge] for

---

[1]  HRS § 708-839.55 provides, in relevant part:

**Unauthorized possession of confidential personal information.** (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

[2]  The Honorable Shirley M. Kawamura presided.

Unconstitutionally Broad, Vague and Punitive Statute, and for Violation of Due Process" (Order).

The State of Hawai'i (State) appeals from the Circuit Court's Order. The State contends that the Circuit Court erred in entering conclusions of law 3, 4, 5, 6, and 8, and in dismissing the UPCPI charge.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the State's points of error as follows:

The challenged conclusions provide:

3.  The doctrine of overbreadth, although closely related to a vagueness claim, is distinct in that while a statute may be clear and precise in its terms, it may sweep so broadly that constitutionally protected conduct as well as unprotected conduct is included in its proscriptions.

4.  Usually, an individual raising an overbreadth claim cannot challenge it on the ground that it is unconstitutional to others, but the overbreadth doctrine as applied to the First Amendment is an exception to that traditional rule.

5.  With regard to the right to privacy and First Amendment rights, a person whose rights are not violated may raise them for others.

6.  Here, HRS § 708-839.55 impacts the fundamental rights of expression and of the press as guaranteed by the First Amendment of the U.S. Constitution and Article 1, Section 4 of the Hawaii State Constitution. Thus, Defendant may challenge the statute on the grounds that it might be unconstitutionally applied in circumstances that are not presented in the instant case.

    . . . .

8.  While the State has a significant public interest in preventing identity theft and the misuse of confidential personal information, HRS § 708-839.55 as written places a potentially sweeping restriction on the exercise of the freedoms of speech and of the press which are liberties guaranteed by both the U.S. Constitution and the Hawaii State Constitution. The statute is not narrowly tailored to serve the State's interest in preventing the misuse of personal information. The law sweeps so broadly that constitutionally protected conduct as well as unprotected conduct is included in its proscriptions. This includes conduct protected by the fundamental right of freedom of expression and the press found in both the U.S. Constitution and the Hawaii State Constitution. The UPCPI statute, therefore, is

2

unconstitutionally overbroad, and [the UPCPI charge]
must be dismissed.

The Circuit Court "[ordered] that the Defendant's Motion is granted in part[,]" and the UPCPI charge was dismissed with prejudice, explaining that "[t]he Motion is granted on the basis that the UPCPI statute is unconstitutionally overbroad and denied as to the statute being unconstitutionally vague and punitive."

Conclusions 3, 4, and 5 are correct statements of the law.[3] However, conclusions 6 and 8, upon which the Circuit Court based its dismissal of this case, are contrary to the Hawai'i Supreme Court's decision in State v. Pacquing, 139 Hawai'i 302, 389 P.3d 897 (2016).

Pacquing was charged with one count of UPCPI in violation of HRS § 708-839.55. Id. at 306, 389 P.3d at 901. Pacquing moved to dismiss on the basis that HRS §§ 708-800 and 708-839.55 (UPCPI statutes) were overbroad and vague under the Due Process Clauses of the United States and Hawai'i Constitutions. Id. The supreme court determined that "[a]lthough one can argue . . . that the UPCPI statutes would criminalize a press member's possession of confidential personal information that the Hawai'i and U.S. Constitutions protect," the Court did not "interpret the UPCPI statutes to sweep that far." Id. at 312, 390 P.3d at 907.

The Pacquing court reasoned that, although the UPCPI statutes prohibit the intentional or knowing possession of confidential personal information without authorization, under HRS § 708-839.55, "authorization" does not necessarily mean that authorization must be given by the person whose confidential

---

[3]     See State v. Kaneakua, 61 Haw. 136, 143, 597 P.2d 590, 594 (1979) ("The doctrine of overbreadth, although closely related to a vagueness claim, is distinct in that while a statute may be clear and precise in its terms, it may sweep so broadly that constitutionally protected conduct as well as unprotected conduct is included in its proscriptions."); State v. Pacquing, 139 Hawai'i 302, 309, 389 P.3d 897, 904 (2016), reconsideration denied, 139 Hawai'i 414, 391 P.3d 1236 (2017) ("An overbreadth challenge is typically available only to individuals who assert that their constitutionally protected conduct is being prosecuted by the State. In instances where it is contended that the challenged statute affects constitutionally protected freedom of expression or reaches a substantial amount of constitutionally protected conduct, then an individual may initiate a facial challenge to the statute as overbroad on these grounds" (citations, internal quotation marks, and brackets omitted)).

personal information is at issue, or who has control over that information. Id. Rather, "authorization" means with "legal authority, official permission, or sanction." Id. Therefore, the court concluded that "a member of the press who lawfully obtains, possesses, and thereafter publishes truthful information may not be punished for doing so under U.S. Supreme Court precedents[.]" Id. at 907-08, 390 P.3d at 312-13. Consequently, the possession by the press of "confidential personal information" under those circumstances is authorized and falls outside the scope of the UPCPI statutes. Id. at 908, 390 P.3d at 313. The court therefore concluded that "the UPCPI statutes are not facially and unconstitutionally overbroad." Id.

Thus, the Circuit Court's conclusions 6 and 8 do not correctly reflect the rule of law and are in error and did not support the dismissal of the UPCPI charge.

For the foregoing reasons, the Circuit Court of the First Circuit's June 2, 2016 "Findings of Fact, Conclusions of Law, and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss Count 2 for Unconstitutionally Broad, Vague and Punitive Statute, and for Violation of Due Process" is vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, June 26, 2018.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

James S. Tabe,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge